# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KIMBERLY THERESE ROURKE,

     Plaintiff,

    v.                         Case No.:  6:24-cv-02128-LHP

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant,

## ORDER

Before the Court is Plaintiff's Unopposed Motion for Attorney's Fees (Doc. No. 22).  Upon review, the motion (Doc. No. 22) will be granted.

Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of her application for social security benefits.  Doc. No. 1.  On March 13, 2026, the Court entered a Memorandum of Decision reversing and remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. No. 19.  Judgment was entered in favor of Plaintiff and against the Commissioner the same day.  Doc. No. 20.

By the present motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. No. 22.  Plaintiff requests a total of $3,769.24 under the EAJA for 14.6 hours performed by Plaintiff's counsel in 2024, at an hourly rate of $251.82; in 2025, at an hourly rate of $258.46;

-1-

and in 2026, at an hourly rate of $262.85.  *Id.* at 7.  The Commissioner has no objection to this motion.  *Id.* at 3.

Upon consideration, and absent an objection from the Commissioner, the Court finds the request for fees pursuant to the EAJA well-taken.  Accordingly, Plaintiff's Unopposed Motion for Attorney's Fees (Doc. No. 22) is **GRANTED**, to the extent that Plaintiff is awarded a total of $3,769.24.[1]

**DONE** and **ORDERED** in Orlando, Florida on July 7, 2026

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Plaintiff's motion references an assignment of EAJA fees from Plaintiff to counsel. Doc. No. 22, at 2; *see also* Doc. No. 22-1.  However, Plaintiff states only that "after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel."  Doc. No. 22, at 2.  The government may exercise its discretion to honor Plaintiff's assignment of attorney's fees awarded under the EAJA if the government determines that Plaintiff does not owe a federal debt, but the Court will not order the government to do so.

-2-